UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BHANUMATHI BAYATAPALLI and
SHIVA REDDY TADI,

               Plaintiffs,

    v.

JOSEPH B. EDLOW and UNITED
STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

               Defendants.

CASE NO. 2:26-cv-00100-JNW

ORDER

## 1.  INTRODUCTION

This case concerns the alleged unreasonable delay by United States Citizenship and Immigration Services (USCIS) in adjudicating Plaintiffs Bhanumathi Bayatapalli and Shiva Reddy Tadi's applications for adjustment of status based on Bayatapalli's participation in the EB-5 Investor Visa program. Dkt. No. 1.

Bayatapalli and Tadi are a married couple residing in Washington state. Dkt. No. 1 ¶ 1–2. Both are citizens of India. *Id.* On May 6, 2025, Bayatapalli filed a Form I-526E, Immigrant Petition by Regional Center Investor. Dkt. Nos. 1 ¶ 24; 1-1 at 1.

ORDER - 1

Bayatapalli and Tadi also filed Forms I-485, Applications to Register Permanent Residence or Adjust Status. Dkt. Nos. 1 ¶ 24; 1-1 at 2-3. Bayatapalli's I-526E petition was approved on October 3, 2025. Dkt. Nos. 1 ¶ 24; 1-2 at 1. Both Form I-485 applications remain pending. Dkt. No. 1 ¶ 22. Plaintiffs allege that they have satisfied all the statutory prerequisites for adjustment of status and that the forms have remained unadjudicated for an unreasonable period, violating the Administrative Procedure Act (APA), which requires agencies to conclude matters within a reasonable period of time, 5 U.S.C. § 555(b) and § 706(1).

Plaintiffs argue that USCIS has a clear, non-discretionary duty to adjudicate Form I-485 applications, and that the delay has caused them significant harm, including uncertainty, constrained educational opportunities for their two young children, as well as travel restrictions. Dkt. No. 1 ¶¶ 27–34. Plaintiffs bring three claims asking for the same relief. Plaintiffs allege an APA claim, a claim under the Mandamus Act, 28 U.S.C. § 1361, and a due process claim. *Id.* ¶¶ 49–68. Plaintiffs seek a Court order compelling Defendants to adjudicate their Form I-485 applications within 60 days. *Id.* ¶ 71.

Before the Court is Defendants Joseph B. Edlow, Director of USCIS, and USCIS's motion to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 10. For the reasons below, the Court has jurisdiction to hear the claim but concludes the delay is not yet unreasonable.

ORDER - 2

## 2.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction, while a motion under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing subject matter jurisdiction and must allege facts sufficient to demonstrate that jurisdiction exists. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). In a facial jurisdictional attack, such as the one here, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating such a motion, the Court accepts well-pleaded factual allegations as true and construes them in the light most favorable to the nonmoving party.[1]

---

[1] In support of their motion to dismiss, Defendants submit a declaration by Colin Boatwright, a Section Chief in the Portfolio within the Service Center Operations directorate for USCIS. Dkt. No. 11 ¶ 1. The declaration describes USCIS's general "first-in, first-out" processing order, the number of employment-based Form I-485 applications currently pending that were filed before Plaintiffs' as well as the normal processing times for filings. *Id.* ¶¶ 9–10. Plaintiffs argue that the Court should either exclude the Boatwright Declaration or convert the motion to dismiss to a summary judgment motion and allow Plaintiffs to conduct discovery. Dkt. No. 13 at 13. The Court agrees that factual declarations should generally not be considered on a motion to dismiss and does not consider the Boatwright Declaration. The Court finds discovery unnecessary. *See Supra* Sect. 3.2.5.

ORDER - 3

## 3. DISCUSSION

### 3.1 The Court has subject matter jurisdiction over Plaintiffs' "pace-of-adjudication" claim.

Defendants argue that the Court must dismiss this case under Fed. R. Civ. P. 12(b)(1) because the Court lacks jurisdiction to compel the adjudication of I-485 adjustment applications under the APA, at 5 U.S.C. §§ 555(b) and 706(1), and under the INA at 8 U.S.C. § 1252(a)(2)(B)(ii).[2] Dkt No. 10 at 5–10. Defendants rely on *Patel v. Garland*, 596 U.S. 328, 348 (2022) and *Zia v. Garland*, 112 F.4th 1194, 1200 (9th Cir. 2024), which dealt with challenges to final decisions on applications for immigration relief under § 1252(a)(2)(B)(i). However, Defendants concede that neither the Supreme Court nor the Ninth Circuit have addressed pace-of-adjudication claims under § 1252(a)(2)(B)(ii). Dkt. No. 10 at 8. This case is different—it concerns the pace of adjudicating an application on which the agency has made no decision at all. Many district courts have recognized this as an important distinction. *Gao v. Mullin*, No. 25-CV-01479-SVK, 2026 WL 948665, at *3 (N.D. Cal. Apr. 8, 2026) (recognizing distinction between *Zia* and *Patel* and case involving pending application that was not yet final); *Varniab v. Edlow*, No. 25-cv-10602-SVK, 2026 WL 485490, at *2 (N.D. Cal. Feb. 20, 2026) (same); *Khachutorov v.*

---

[2] Plaintiffs assert federal jurisdiction under the Administrative Procedure Act and the Mandamus Act. "Because 'mandamus relief and relief under the APA are "in essence" the same,' when a complaint seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA, [a court] may elect to analyze the APA claim only." *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022) (quoting *R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 (9th Cir. 1997)). Here, Plaintiffs seek the same relief under both of claims—because there is an adequate remedy under the APA, the Court analyzes Plaintiffs' claims under the APA only.

*Britten*, 792 F. Supp. 3d 1106, 1114 (C.D. Cal. 2025) (extreme and perpetual delays, although not present, may be subject to judicial review).

The Court is aware that several circuits have reached the opposite conclusion, holding that § 1252(a)(2)(B)(ii) strips jurisdiction over pace-of adjudication claims for I-485 applications. *See Kanapuram v. Dir. of USCIS*, 131 F.4th 1302, 1306–07 (11th Cir. 2025). The Ninth Circuit has not adopted that position. In the absence of controlling precedent, this Court follows the reasoning of many district courts within this circuit, which have held that USCIS has a non-discretionary duty to adjudicate petitions within a reasonable time. *Khan v. Johnson*, 65 F. Supp. 3d 918, 924–25 (C.D. Cal. 2014) (collecting cases); *Hassane v. Holder*, No. C10-314Z, 2010 WL 2425993, at *3 (W.D. Wash. June 11, 2010) (agreeing with the "overwhelming majority of district courts" that § 1252(a)(2)(B)(ii) does not bar similar claims of unreasonable delay). As these courts have explained, to "hold otherwise would be to sanction the perpetual delay of governmental obligations that are clearly mandated by law." *Khan*, 65 F. Supp. 3d at 925 (citation modified).

The cases on which Defendants rely are distinguishable. *Patel*, *Zia*, and *Garcia v. USCIS*, 146 F.4th 743 (9th Cir. 2025), each involved judicial review of "factual findings and other preliminary decisions made in connection with final decisions on individual applications for immigration benefits." *See Varniab*, 2026 WL 485490, at *6. Those cases did not address the situation presented here—a pending, unadjudicated application on which the agency has taken no final action. A failure to act on an I-485 application falls within the APA's default rule: "'With due

ORDER - 5

regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.'" *Gao*, 2026 WL 948665, at *3.

Defendants also argue that the Court lacks jurisdiction because the delay is reasonable, however, Plaintiffs argue—and the Court agrees—that the reasonability of the delay is better analyzed under Rule 12(b)(6).

The Court concludes that § 1252(a)(2)(B)'s jurisdictional bar does not apply and DENIES Defendants' Rule 12(b)(1) motion to dismiss.

## 3.2    The delay in adjudication is not unreasonable.

Jurisdiction to hear a delay claim is not a ruling that the delay is unlawful. That the Court may review USCIS's inaction says nothing about whether a 14-month wait crosses the line. On the face of the complaint, it does not, and dismissal is appropriate. For cases alleging unreasonable delay in processing immigration applications, courts in the Ninth Circuit apply a six-factor test for determining when an agency delay is unreasonable. These are known as "the 'TRAC factors,'" which are named after the case in which they originated, *Telecommunications Rsch. & Action v. FCC* ("TRAC"), 750 F.2d 70, 80 (D.C. Cir. 1984)." *Khan*, 65 F. Supp. 3d at 928. The six factors that the court must balance are:

(1) The time agencies take to make decisions must be governed by a rule of reason;
(2) Where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, the statutory scheme may supply content for this rule of reason;
(3) Delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

ORDER - 6

(4) The court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) The court should also take into account the nature and extent of the interests prejudiced by delay; and

(6) The court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Id.*

### 3.2.1     The first factor.

The first factor considers "whether the time for agency action has been reasonable." *Nat. Res. Def. Council, Inc. v. EPA*, 956 F.3d 1134, 1139 (9th Cir. 2020). It is the "most important" factor, "though it, like the others, is not itself determinative." *A Cmty. Voice v. EPA*, 878 F.3d 779, 786 (9th Cir. 2017). As noted above, Plaintiffs' I-485 applications have been pending since May 6, 2025—approximately 14 months as of this order.

That duration is not unreasonable. For adjustment of status applications, courts have consistently found delays of comparable or far greater length to be reasonable. *See, e.g.*, *Qureshi v. Napolitano*, No. C-11-05814-YGR, 2012 WL 2503828, at *4 (N.D. Cal. June 28, 2012) (collecting cases finding delays of four years or less to be reasonable, finding that delay of five years was unreasonable where government provided no indication of when the plaintiff could anticipate adjudication of petition); *Liu v. Denayer*, No. CV 21-6653-DMG-MRWx, 2022 WL 17370527, at *4 (C.D. Cal. July 18, 2022) (dismissing APA claim, highlighting that 1.5-year delay in adjudicating plaintiff's application for adjustment of status "is simply much shorter than those which courts have typically found to be unreasonable").

ORDER - 7

Plaintiffs' strongest answer is that a wait with no end in sight is no rule of reason at all: USCIS has given them no timeline and no explanation. Dkt. No. 13 at 15–16. But the cases they cite condemn something different. The five-year delay in *Qureshi* was unreasonable because the government offered no "indication of when [the applicant] can anticipate adjudication" of an application caught in a lengthy hold. *Qureshi*, 2012 WL 2503828, at *5. Those cases turn on open-ended holds and multi-year waits. Plaintiffs face neither. Their applications sit in the ordinary queue and have for 14 months, and at that length, with nothing freezing them in place, the ordinary sequence of adjudication supplies the rule of reason.

Plaintiffs also allege that USCIS has not followed a first-in, first-out processing order. Dkt. No. 1 ¶ 43 ("[S]imilarly situated applicants continue to receive action while Plaintiffs' applications remain untouched."). Even accepting these allegations as true, a 14-month-delay falls well within the range courts have found reasonable. Allegations of inconsistent processing order do not, without more transform a delay of this duration into an unreasonable one.

Citing *Hong Wang v. Chertoff*, 550 F. Supp. 2d 1253 (W.D. Wash. Mar. 7, 2008)), Plaintiffs argue unreasonable delay because Defendants do not explain why Plaintiffs' applications "have received no adjudicative attention whatsoever." Dkt. No. 13 at 16. But *Hong Wang* is distinguishable. In *Hong Wang*, the district court found the agency failed to adhere to a first-in, first-out rule where it delegated to the FBI a portion of the background investigations relevant to the plaintiff and his family's I-485 applications, and the FBI's name check process took one week for one family member and a few years for the plaintiff. The complaint here alleges

ORDER - 8

inconsistent processing, Dkt. No. 1 ¶ 43, but it does not allege the documented, years-long disparity that made the delay in *Hong Wang* unreasonable.

This factor, the most important one, favors Defendants.

### 3.2.2    The second factor.

The second factor favors Defendants because there is no statutory timeframe by which USCIS must adjudicate Form I-485 applications. Plaintiffs' reliance on the EB 5 Reform and Integrity Act of 2022 and the "sense of Congress'" language at 8 U.S.C. § 1571(b) are irrelevant here as neither creates a timeframe by which USCIS must adjudicate Form I-485 applications. This factor also favors Defendants.

### 3.2.3    Third and fifth factors.

The third and fifth TRAC factors look to "the interests prejudiced by the delay," including how it impacts "human health and welfare." *TRAC*, 750 F.2d at 80. Courts typically consider these factors together. *See Najafi v. Pompeo*, 2019 WL 6612222, at *7 (N.D. Cal. Dec. 5, 2019). Plaintiffs contend that they have experienced ongoing hardship due to the "persistent state of uncertainty regarding their ability to establish permanent residence in the United States," including missed opportunities for their young children, financial and career hardships, as well as hindered international travel. Dkt. No. 1 ¶¶ 27–34.

These concerns are not insignificant, but they are also the kind of hardships common to many applicants awaiting adjustment of status and do not rise to the human health and welfare harms that would require finding these factors in Plaintiffs' favor. Thus, these factors favor Defendants.

### 3.2.4    The fourth factor.

Under this factor, the court considers "whether compelling the agency to act would detract from its higher or competing priorities." *Vaz*, 33 F.4th at 1138. Plaintiffs argue that Defendants have not satisfied their burden of showing competing or higher priorities that would distract from their applications. This ignores the reality that an order requiring Defendants to adjudicate Plaintiffs' applications would both prioritize Plaintiffs at the expense of similarly situated applicants and interfere with USCIS's "discretion in prioritizing its activities and allocating its resources." *Vaz*, 33 F.4th at 1138. This factor favors Defendants.

### 3.2.5    The sixth factor.

The sixth factor is "not really a 'factor,' but merely a confirmation that agency delay need not be intentional to be unreasonable." *Feng v. Beers*, 2014 WL 1028371, at \*5 (E.D. Cal. Mar. 14, 2014). It focuses "not on the delay itself, but whether the reason behind the delay is improper (e.g., intentional, motivated by animus.)" *Infracost Inc. v. Blinken*, 732 F. Supp. 3d 1240, 1257 (S.D. Cal. 2024) (citation omitted). Plaintiffs argue this factor is neutral and the Court agrees. In sum, the TRAC factors favor dismissal of Plaintiffs' "pace of adjudication" claim.

Plaintiffs argue it is premature to analyze the TRAC factors on a motion to dismiss because the inquiry is fact-intensive, and therefore, best resolved on summary judgment. Dkt. No. 13 at 11. But courts in this circuit routinely weigh the TRAC factors on a motion to dismiss where the length of the delay is undisputed,

ORDER - 10

and discovery would not change it. *See, e.g.*, *Liu*, 2022 WL 17370527, at *5–6; *Infracost*, 732 F. Supp. 3d at 1253–54.

Plaintiffs cite opinions by the Fourth, Sixth, and D.C. Circuits to the contrary, finding unreasonable delay to be a factual inquiry to be resolved after the pleading stage. *Id.* (citing *Gonzalez v. Cuccinelli*, 985 F.3d 357, 375 (4th Cir. 2021), *Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 451 (6th Cir. 2022), and *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003)). The Court is not bound by these decisions and identifies several key factual differences from Plaintiffs' case. *Mashpee Wampanag Tribal Council, Inc.* does not involve immigration adjudications, and *Gonzalez* and *Barrios Garcia* involve noncitizens who applied for U visas. In *Barrios Garcia*, the court stated the plaintiffs pleaded "'sufficient facts to show that their interests are weighty, implicate health and welfare, and are harmed by' principal petitioners' years-long wait to be placed on the U-visa waitlist[,]" pointing to fact that the plaintiffs cannot obtain identification cards, healthcare, car insurance, lawful employment, and are at risk of removal from the United States. 25 F.4th at 452 (quoting *Gonzalez*, 985 F.3d at 375). Given the extreme harms experienced by U visa applicants while waiting for adjudication, these cases present different factual circumstances than those alleged here.

Moreover, Plaintiffs do not clearly articulate why the discovery they seek is essential to complete the TRAC analysis. Plaintiffs seek information about "what the agency has actually done with these applications[.]" Dkt. No. 13 at 12. But these details are not necessary to resolve this case. Even if Defendants have taken no

ORDER - 11

action on Plaintiffs' Form I-485 applications, because they have not been pending for an unreasonable amount of time, such inquiries are unnecessary. The Court reaches this conclusion on the complaint and the undisputed length of the delay, without relying on the Boatright Declaration, so it has no occasion to convert the motion under Rule 12(d) or to order discovery.

The Court notes, however, that in dismissing claims for insufficient delay under the TRAC factors, courts in this circuit do so without prejudice because while a delay might be reasonable at a given point in time, there may come a point where continued delay becomes unreasonable. *Islam v. Heinauer*, 32 F. Supp. 3d 1063, 1070–71 (N.D. Cal. 2014). For that reason, and because the Court cannot say that no passage of time or additional facts could ever make out a claim, dismissal is without prejudice.

### 3.3   Plaintiffs do not plead a due process violation.

Plaintiffs allege that Defendants' combined delay and failure to act violated their due process rights protected by the Fifth Amendment. Dkt. No. 1 ¶ 62. Plaintiffs argue that because they invested $800,000 to participate in the EB-5 Investor Visa program in reliance on published timelines, and there is an acute risk of erroneous deprivation if the EB-5 Rural visa category retrogresses before USCIS adjudicates their applications, the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976) all favor Plaintiffs.

Plaintiffs' claim fails for two reasons. First, their EB-5 Investor Visa petition has been approved so any interest they had in the published timelines for that

ORDER - 12

benefit is not relevant here. As far as their I-485 applications, Plaintiffs fail to present an interest in a specific timeframe for their adjudication. "[P]rocedural delays, such as routine processing delays, do not deprive aliens of a substantive liberty or property interest unless the aliens have a 'legitimate claim of entitlement' to have their applications adjudicated within a specified time." *Mendez-Garcia v. Lynch*, 840 F.3d 655, 666 (9th Cir. 2016). There is sometimes an exception for "extraordinary delays" caused by the government, however, those circumstances are not alleged. *See Singh v. Reno,* 182 F.3d 504, 510 (7th Cir. 1999)*, as amended on denial of reh'g* (Aug. 10, 1999) (Immigration and Naturalization Services refused to set hearing dates or repeatedly cancelled them over four years, and then Congress enacted a statute that retroactively eliminated any possibility of relief for the noncitizen applicant). Because Plaintiffs identify no protected interest, the Court does not reach the *Mathews* balancing. Accordingly, the Court dismisses Plaintiffs' due process claim without prejudice.

### 3.4    Judicial notice.

Under Federal Rule of Evidence 201, courts may take judicial notice of a fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Plaintiffs make three requests for judicial notice. First, they ask the Court to take judicial notice of several monthly reports published online at Immigration and Citizenship Data, USCIS.gov (July 14, 2026) https://www.uscis.gov/tools/reports-and-studies/immigration-and-citizenship-data.

ORDER - 13

Dkt. No. 16. It's not clear from Plaintiffs' request precisely which facts the Court should take from the reports, except for a summary prepared by Plaintiffs, which they argue shows that "at least three other similarly situated applications were processed in December 2025, ahead of their own." Dkt. No. 16 at 4. Defendants object to Plaintiffs' request, arguing that their summary is inaccurate because it conflates a visa holder's priority date with their Form I-485 filing date and purports to show the number of adjudications each month even though the data USCIS reports only the number of applications pending. Dkt. No. 21. Because Plaintiffs' summary is not an official publication and because the facts are subject to reasonable dispute, the Court finds them inappropriate for judicial notice. Moreover, even if the Court accepts as true the fact that three applications were adjudicated before Plaintiffs' it does not alter its analysis.

Second, Plaintiffs ask the Court to take judicial notice of USCIS Policy Memoranda PM-602-0192 and PM-602-0194, Dkt. No. 17-1; USCIS FY 2025 Report on Humanitarian-Based Adjustment of Status, Dkt. No. 17-2. Dkt. No. 17. These documents relate to the Trump Administrations' targeting of asylum applicants as well as applicants from certain countries that do not include India, and thus have no bearing on Plaintiffs' applications. Indeed, Plaintiffs concede that the documents are "not offered as evidence of any hold applicable to Plaintiffs' own applications." Dkt. No. 17 at 2. The Court declines to notice facts not relevant to its analysis.

Third, Plaintiffs ask the Court to take judicial notice of USCIS Historical National Median Processing Time (in Months) for All USCIS Offices for Select Forms by Fiscal Year, Fiscal Year 2021 to 2026, USCIS.gov (July 14, 2026),

ORDER - 14

https://egov.uscis.gov/processing-times/historic-pt. Dkt. No. 20. Again, Plaintiffs provide a "summary of data" and argue that it is generally relevant to the Court's TRAC factor consideration. Defendants argue that historical processing times are not comparable to the current ones posted on USCIS's website. Because the Court decides this case based on caselaw and not current or historical processing time data, it denies Plaintiffs' third request for judicial notice.

In sum, the Court denies all three of Plaintiffs' requests for judicial notice.

### 3.5    Plaintiffs are not entitled to file a surreply.

Plaintiffs ask the Court for an opportunity to respond to "new arguments and authority" raised in Defendants' reply to the Motion to Dismiss and response to Plaintiffs' requests for judicial notice. Dkt. No. 22. The local rules of this District permit a party to file a surreply for the limited purpose of "requesting that the court strike" material raised in a reply brief. *See* LCR 7(g). Local Civil Rule 7(g)(2) explains that "[e]xtraneous argument or a surreply filed for any other reason will not be considered." LCR 7(g)(2); *see Farnes v. Metro Grp. Prop. & Cas. Ins. Co.*, No. C18-1882-BJR, 2019 WL 4044102, at *1 (W.D. Wash. July 31, 2019) (finding that a surreply cannot be used to address case and allegedly new arguments); *Siram v. Edlow*, No. C25-2565-KKE, 2026 WL 1104404, at *1 (W.D. Wash. Apr. 23, 2026) (same). "A surreply is not an opportunity for rebuttal." *Thompson v. Seattle Pub. Schs.*, 2:25-CV-00468-TL, 2026 WL 1025392, at *1 (W.D. Wash. Mar. 25, 2026) (denying motion for leave to file surreply under LCR 7(g)).

Plaintiffs do not move to strike any material in Defendants' briefing, and therefore, the Court DENIES their motion to file a surreply. Dkt. No. 22.

## 4.  CONCLUSION

Accordingly, Defendants' motion to dismiss is GRANTED. Dkt. No. 10. The joint stipulated motion to file an over-length reply, Dkt. No 18, is DENIED as moot, and Plaintiffs' motion for leave to file a surreply is DENIED. The case is DISMISSED WITHOUT PREJUDICE and the Clerk is directed to close the case.

Dated this 22nd day of July, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 16